UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZENAIDA JACKSON<br><br>Plaintiff,<br><br>v.<br><br>KIMBERLY RICKETTS and DIVISION OF YOUTH AND FAMILY SERVICES,<br><br>Defendants. | 08-CV-5319 (WJM)<br><br><br>ORDER |

This matter having been raised by Plaintiff Zenaida Jackson seeking an application to proceed without the payment of fees under 28 U.S.C. § 1915; and the Court having *sua sponte* screened the Complaint in the above-captioned action pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine if it fails to state a claim upon which relief may be granted; and it appearing that Plaintiff and Defendants Kimberly Ricketts and the Division of Youth and Family Services are residents of the State of New Jersey; and therefore, Plaintiff having failed to demonstrate subject matter jurisdiction for her state tort-related claims through diversity of citizenship pursuant to 28 U.S.C. § 1332; and it appearing that Defendant Ricketts is an employee of the Division of Youth and Family Services whose involvement in this case is limited to the preparation, initiation, and prosecution of Plaintiff in a dependency proceeding; and Defendant Ricketts therefore being immune from suit, *see Miller v. City of Philadelphia*, 174 F.3d 368, 376 n. 6 (3d Cir. 1999) (case workers are immune from suit for their actions on "behalf of the state in preparing for, initiating, and prosecuting dependency hearings"); and claims against Defendant Division of Youth and Family Services being barred by the Eleventh Amendment, *see, e.g., Anastasia v. New Jersey Division of Youth and Family Services*, No. 03-5548, 2005 U.S. Dist. LEXIS 33388 * 16 (D.N.J.

July 6, 2005); and Plaintiff having failed to expressly allege any violation of federal law in the Complaint or provide any other grounds for this Court's subject matter jurisdiction; and for good cause shown;

**IT IS** on this 19th day of December, 2008, hereby,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915(a); and it is

**FURTHER ORDERED** that the Clerk of the Court shall file the Complaint without the prepayment of fees and security; and it is

**FURTHER ORDERED** that the Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and it is

**FURTHER ORDERED** that this case is **CLOSED**.

William J. Martini, U.S.D.J.